# EXHIBIT A

Colin P. King (#1815)
Lance L. Milne (#14879)
DEWSNUP KING OLSEN WOREL
HAVAS MORTENSEN
36 South State Street, Suite 2400
Salt Lake City, UT 84111
Tel.: (801) 533-0400
Fax: (801) 363-4218
Email: cking@dkowlaw.com
          lmilne@dkowlaw.com

Steven Hilst (CA State Bar #133465)
Pro Hac Vice Application Pending
BISNAR|CHASE LLP
One Newport Place
1301 Dove Street, Suite 120
Newport Beach, CA 92660
Phone: (949) 752-2999
Facsimile: (949) 752-2777
Email: shilst@bisnarchase.com

*Attorneys for Plaintiffs*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE CITY, STATE OF UTAH

| | |
|---|---|
| GURMIT DHESI and KULVINDER KAUR DHESI,<br><br>        Plaintiffs,<br>vs.<br><br>VOLVO GROUP NORTH AMERICA, LLC, a Delaware corporation; VOLVO TRUCKS NORTH AMERICA, INC., a Delaware corporation; MOUNTAIN WEST TRUCK CENTER, INC., a Delaware corporation; and DOES 1-100,<br><br>        Defendants. | **SUMMONS**<br>**(30 Days)**<br><br>Case No. 180909345<br>Judge Barry Lawrence |

–1–

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT VOLVO GROUP NORTH AMERICA, LLC, C/O REGISTERED AGENT: THE CORPORATION TRUST COMPANY, CORPORATIN TRUST CENTER, 1209 ORANGE STREET, WILMINTON, DELEWARE 19801:

You are hereby summoned and required to file an answer in writing to the accompanying Complaint and Jury Demand with the Clerk of the above-entitled Court, whose address is 450 South State Street, Salt Lake City, Utah 84114, within thirty days after service of this Summons upon you.   Within that same time, you must mail or deliver a copy of your answer to Plaintiffs' attorneys, Colin P. King and Lance L. Milne, at DEWSNUP KING OLSEN WOREL HAVAS MORTENSEN, 36 South State Street, Suite 2400, Salt Lake City, Utah 84111.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint and Jury Demand which has been filed with the Clerk of said Court, a copy of which accompanies this Summons and is herewith served upon you.

DATED:   December 13, 2018

**DEWSNUP KING OLSEN WOREL HAVAS MORTENSEN**

/s/ Colin P. King
COLIN P. KING
LANCE L. MILNE
Attorneys for Plaintiffs

–2–

Colin P. King (#1815)
Lance L. Milne (#14879)
DEWSNUP KING OLSEN WOREL
HAVAS MORTENSEN
36 South State Street, Suite 2400
Salt Lake City, UT 84111
Tel.: (801) 533-0400
Fax: (801) 363-4218
Email: cking@dkowlaw.com
        lmilne@dkowlaw.com

Steven Hilst (CA State Bar #133465)
Pro Hac Vice Application Pending
BISNAR|CHASE LLP
One Newport Place
1301 Dove Street, Suite 120
Newport Beach, CA 92660
Phone: (949) 752-2999
Facsimile: (949) 752-2777
Email: shilst@bisnarchase.com

*Attorneys for Plaintiffs*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE CITY, STATE OF UTAH

| | |
|---|---|
| GURMIT DHESI and KULVINDER KAUR DHESI, | **SUMMONS** (30 Days) |
| Plaintiffs, | |
| vs. | |
| | Case No. 180909345 |
| VOLVO GROUP NORTH AMERICA, LLC, a Delaware corporation; VOLVO TRUCKS NORTH AMERICA, INC., a Delaware corporation; MOUNTAIN WEST TRUCK CENTER, INC., a Delaware corporation; and DOES 1-100, | Judge Barry Lawrence |
| Defendants. | |

–1–

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT VOLVO TRUCKS NORTH AMERICA, INC., C/O REGISTERED AGENT: THE CORPORATION TRUST COMPANY, CORPORATIN TRUST CENTER, 1209 ORANGE STREET, WILMINTON, DELEWARE 19801:

You are hereby summoned and required to file an answer in writing to the accompanying Complaint and Jury Demand with the Clerk of the above-entitled Court, whose address is 450 South State Street, Salt Lake City, Utah 84114, within thirty days after service of this Summons upon you.   Within that same time, you must mail or deliver a copy of your answer to Plaintiffs' attorneys, Colin P. King and Lance L. Milne, at DEWSNUP KING OLSEN WOREL HAVAS MORTENSEN, 36 South State Street, Suite 2400, Salt Lake City, Utah 84111.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint and Jury Demand which has been filed with the Clerk of said Court, a copy of which accompanies this Summons and is herewith served upon you.

DATED:   December 13, 2018

**DEWSNUP KING OLSEN WOREL HAVAS MORTENSEN**

/s/ Colin P. King
COLIN P. KING
LANCE L. MILNE
Attorneys for Plaintiffs

–2–

Colin P. King (#1815)
Lance Milne (#14879)
DEWSNUP KING OLSEN WOREL
HAVAS MORTENSEN
36 South State Street, Suite 2400
Salt Lake City, UT 84111
Tel.: (801) 533-0400
Fax: (801) 363-4218
Email: cking@dkowlaw.com
   lmilne@dkowlaw.com

Steven Hilst (CA State Bar #133465)
Pro Hac Vice Application Pending
BISNAR|CHASE LLP
One Newport Place
1301 Dove Street, Suite 120
Newport Beach, CA 92660
Phone: (949) 752-2999
Facsimile: (949) 752-2777
Email: shilst@bisnarchase.com

*Attorneys for Plaintiffs*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE CITY, STATE OF UTAH

| | |
|---|---|
| GURMIT DHESI and KULVINDER KAUR DHESI, <br><br>    Plaintiffs, <br> vs. <br><br> VOLVO GROUP NORTH AMERICA, LLC, a Delaware corporation; VOLVO TRUCKS NORTH AMERICA, INC., a Delaware corporation; MOUNTAIN WEST TRUCK CENTER, INC., a Delaware corporation; and DOES 1-10, <br><br>    Defendants. | **COMPLAINT AND JURY DEMAND (TIER 3)** <br><br><br> Case No. <br> Judge |

–1–

Plaintiffs, for causes of action against Defendants, alleging as follows:

## PARTIES

1.    At all times relevant to this lawsuit, Plaintiffs Gurmit Dhesi (hereinafter "Mr. Dhesi"), and Kulvinder Kaur Dhesi (hereinafter "Mrs. Dhesi"), were a married couple and residents of Sacramento County, California.

2.    At all relevant times, Defendant VOLVO GROUP NORTH AMERICA, LLC (hereinafter referred to as "VOLVO") was and is a Delaware corporation with its principal place of business in North Carolina. VOLVO is authorized to do, has regularly done, and is now doing business in the State of Utah.

3.    At all relevant times, Defendant VOLVO TRUCKS NORTH AMERICA, INC. (hereinafter referred to as "VOLVO TRUCKS") was and is a Delaware corporation with its principal place of business in North Carolina. VOLVO TRUCKS is authorized to do, has regularly done, and is now doing business in the State of Utah.

4.    Defendant VOLVO, VOLVO TRUCKS and DOES 1-10, designed, manufactured, sold, and distributed the particular Volvo Diesel Tractor Truck VNL, Vehicle Identification No. 4V4NC9EH7FN180089, Nevada license plate No. 55211A, which is the subject matter of this action (hereinafter referred to as the "SUBJECT VEHICLE").

5.    At all relevant times Defendant Mountain West Truck Center, Inc. (hereinafter referred to as "MOUNTAIN WEST") was and is a Delaware corporation with its principal place of business in the city of West Valley, Salt Lake County, Utah. MOUNTAIN WEST originally retail sold and placed the SUBJECT VEHICLE into the stream of commerce in Salt Lake County, Utah.

–2–

## JURISDICTION, VENUE AND STATEMENT OF FACTS

6.     This Court has jurisdiction over this matter pursuant to Utah Code § 78A-5-102, Utah Code Ann.

7.     Venue is proper in this County pursuant to Utah Code § 78B-3-307(1) and (2).

8.     Pursuant to Rule 26(c)(3), Utah Rules of Civil Procedure, the amount in controversy exceeds $300,000, qualifying this claim for a Tier 3 standard category.

9.     This Court has personal jurisdiction over VOLVO, VOLVO TRUCKS and DOES 1-10 because they have engaged in significant business and conducted extensive commercial activities and continue to conduct extensive commercial activities within and throughout the State of Utah.   On information and belief, VOLVO, VOLVO TRUCKS and DOES 1-10 directly and/or through intermediaries (including its entities, subsidiaries, distributors, sales agents, partners, and others) has distributed, offered for sale, sold, and/or advertised its products (including but not limited to motor vehicles) in the United States, in the State of Utah, and in the County of Salt Lake under the "Volvo" and other brand names. VOLVO, VOLVO TRUCKS and DOES 1-10 have purposefully and voluntarily placed its products into the stream of commerce with the expectation that the products would be purchased or used by customers in Utah, including within Salt Lake County. VOLVO, VOLVO TRUCKS and DOES 1-10 transferred and delivered the SUBJECT VEHICLE to MOUNTAIN WEST, as an authorized dealer and distributor of Volvo products, including the SUBJECT VEHICLE.

10.     The SUBJECT VEHICLE was originally retail sold by MOUNTAIN WEST in Salt Lake County, Utah.   Accordingly, VOLVO, VOLVO TRUCKS and DOES 1-10 have been subject to the jurisdiction of the Courts of the State of Utah and, specifically, the County of Salt Lake.

–3–

11.     This Court has personal jurisdiction over MOUNTAIN WEST and DOES 1-10 because they have engaged in significant business and conducted extensive commercial activities and continue to conduct extensive commercial activities within and throughout the State of Utah, sold the SUBJECT VEHICLE and placed it into the stream of commerce in Salt Lake County, Utah, and MOUNTAIN WEST has and continues to have its principal place of business in Salt Lake County, Utah.

12.     Plaintiffs are informed, believe and allege thereon that Defendants DOES 1-10, inclusive, were and are individuals, partnerships, corporations, and/or business entities, qualified and/or authorized to do business in the State of Utah and at all pertinent times were doing business within the State of Utah. The true names and/or capacities, whether individual, corporate associate, governmental, or otherwise of defendants DOES 1-10, inclusive and each of them, are unknown to the Plaintiffs, who therefore sues said Defendants by such fictitious names.   When the true names and/or capacities of the Defendants are ascertained, Plaintiffs will seek leave of this Court to amend the complaint accordingly.

13.     Plaintiffs are informed and believe, and based thereupon allege, that each Defendant designated herein as a DOE was responsible, negligently or in some other actionable manner, for the events and happenings herein referred to that proximately caused the damages to Plaintiffs as hereinafter alleged, either through said Defendants' own negligence or through the conduct of their agents, servants, employees, or representatives in some other manner.

14.     Plaintiffs are informed, believe and based thereupon allege that VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and Defendants DOES 1-10, inclusive, and each of them were the agents, servants, employees, representatives, and/or joint venturers of their co-defendants and were, as such, acting within the course, scope, and authority of the agency, services, employment, representation, and/or joint venture in that every

—4—

Defendant, as aforesaid when acting as principal, was negligent in the selection and hiring of every other Defendant as an agent, servant, employee, representative, and/or joint venturer.   Furthermore, such acts, conduct and omissions were subsequently ratified by their respective principals and the benefits thereof accepted by such principals.

15.    When the SUBJECT VEHICLE was designed, manufactured, and/or sold, Defendants VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10 were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, selling, retailing, wholesaling, and advertising the SUBJECT VEHICLE.

16.    When the SUBJECT VEHICLE was designed, manufactured, and/or sold, Defendants VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10 knew, or in exercising reasonable care should have known, that the SUBJECT VEHICLE would be used without inspection for defects in its parts, mechanisms, or design, for use in the State of Utah and elsewhere.

17.    The negligence, carelessness and/ or wrong doing of each of the Defendants combined and cooperated with the negligence and carelessness of each of the remaining Defendants to cause the herein described accident and the resulting damages to Plaintiffs.

18.    At no time before any use of the SUBJECT VEHICLE did VOLVO, VOLVO TRUCKS, MOUNTAIN WEST or DOES 1-10 ever issue any warnings or notifications about any dangers or safety issues extant in the SUBJECT VEHICLE relevant to this action. Nor did either of these Defendants ever advise Plaintiff Mr. Dhesi that the vehicle was not mechanically sound or unsafe to operate.

19.    On December 16, 2016 a motor vehicle being driven by Teila Douglas was travelling westbound on Avenue 63 in the city of Columbus, County of Platte in the State of Nebraska. When the Douglas vehicle entered onto southbound Highway 81, Ms. Douglas lost control of the vehicle and it spun out of control and struck the SUBJECT

VEHICLE which was being driven by Plaintiff Mr. Dhesi. The crash and crash forces caused the SUBJECT VEHICLE to be pushed onto its side causing severe and debilitating injuries to Plaintiff Mr. Dhesi, including a left arm amputation. The above facts will hereinafter be referred to as the "SUBJECT ACCIDENT."

20.    Since December 16, 2016, Mrs. Dhesi has suffered loss of consortium injuries and damages.

### FIRST CAUSE OF ACTION
### FOR STRICT PRODUCT LIABILITY
### (Against Defendants VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10)

21.    Plaintiffs re-allege and incorporate by reference each of paragraphs 1 through 20 above, as though fully set forth herein.

22.    Defendants VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, and each of them, designed tested, engineered, manufactured, assembled, distributed, advertised, marketed, and/or sold the SUBJECT VEHICLE.

23.    Defendants VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, and each of them, knew that the SUBJECT VEHICLE was to be purchased and used without inspection for defects by the users of that vehicle, including but not limited to the Plaintiffs.

24.    The SUBJECT VEHICLE and all its component parts and/or aftermarket parts and/or installation guides mentioned were manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, repaired, modified, aftermarket modified, adjusted, selected, and used with inherent vices and defects both in design and manufacturing and by failure to warn (hereinafter the "SUBJECT

DEFECTS"), which made it dangerous, hazardous and unsafe both for its intended use or for reasonably foreseeable misuses.

25.     Defendants VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, designed, tested, assembled, manufactured, supplied, marketed, promoted, sold, distributed, and/or put into the stream of commerce the SUBJECT VEHICLE in a defective and unreasonably dangerous condition. VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, are strictly liable for the following SUBJECT DEFECTS that on December 16, 2016, rendered the SUBJECT VEHICLE uncrashworthy and unsafe for its intended purposes and substantially caused or contributed to the severe and debilitating injuries and damages to Plaintiffs.

26.     The manufacture and/or design of the SUBJECT VEHICLE is defective for the following reasons:

    a.     Defendants failed and refused to include readily available secondary supplemental occupant safety devices, including but not limited to rollover side curtain air bags, known to Defendants and each of them to protect occupants of the very kind of injury as suffered by Plaintiff Mr. Dhesi in the SUBJECT ACCIDENT.   Rollover activated side curtain airbags were technologically feasible at the time of design and manufacture of the SUBJECT VEHICLE, and were readily available and offered in other vehicles at relatively little additional cost. Side curtain airbags should have been standard equipment in the SUBJECT VEHICLE given the enhanced and advanced propensities of the occupants of the SUBJECT VEHICLE to sustain serious injuries in side impact and rollover crashes. The SUBJECT VEHICLE was dangerous, defective and unreasonably dangerous and which, in this case, failed to properly protect and restrain Plaintiff Mr. Dhesi and which caused and allowed his left arm to be severely injured

–7–

necessitating it to be amputated.

b.    A defective and unsafe restraint system which defects include but are not limited to, a lack of pre tensioners, retractor failure, poor geometry and a system that permits too much rotational and vertical excursion of the occupants.

27.    VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10 had pre-sale knowledge of these dangerous conditions and failed to warn the Plaintiff and owners and operators of any such Volvo tractor.

28.    VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10 failed to adequately evaluate the performance and crashworthiness of the SUBJECT VEHICLE.

29.    VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10 failed to make necessary modifications to the design of the SUBJECT VEHICLE after receiving notice that the design of the SUBJECT VEHICLE was defective and unreasonably dangerous.

30.    VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10 failed to adequately warn and instruct Plaintiff Mr. Dhesi and other users of the SUBJECT VEHICLE and similar vehicles regarding the hazards, risks, and dangers of the SUBJECT VEHICLE.

31.    VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10 included false and misleading information in advertising by misrepresenting the safety features of the vehicle associated with the restraint system and failed to adequately apprise prospective purchasers of the latent defects associated with the restraint system.

32.    VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10 failed to recall and repair any and all vehicles with the aforementioned safety restraint system that failed to protect occupants, including Plaintiff Mr. Dhesi herein.

–8–

33.    The defective and unreasonably dangerous conditions of the SUBJECT VEHICLE, including the SUBJECT DEFECTS, rendered it non-crashworthy and the legal cause of Plaintiff Mr. Dhesi's injuries.

34.    It was foreseeable to Defendants VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, that the SUBJECT VEHICLE would and could be involved in a side-impact collision and/ or be subjected to side impact forces.

35.    The SUBJECT VEHICLE and each of its component parts and/or aftermarket parts and/or installation guides were unsafe for their intended use and reasonably foreseeable misuses by reason of defects in its design and/or manufacturing and/or failure to warn by VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1 - 10, inclusive, and each of them, in that when said SUBJECT VEHICLE and each of its component parts and/or aftermarket parts and/or installation guides were used by Plaintiff Mr. Dhesi on or about December 16, 2016, as intended or in a reasonable foreseeable manner, said SUBJECT VEHICLE, during reasonably foreseeable driving maneuvers, was dangerous in failing to provide adequate protection to any driver of the vehicle, unprotected by a properly functioning seat-belt restraint system and a properly functioning airbag. As a result, when the SUBJECT VEHICLE was in the SUBJECT ACCIDENT, Plaintiff Mr. Dhesi, as a driver of the SUBJECT VEHICLE suffered severe and debilitating injuries.

36.    The above SUBJECT DEFECTS made a driver within the SUBJECT VEHICLE susceptible and vulnerable to serious injury and death in any collision requiring that driver to be restrained within a seat belt and/ or by a side curtain airbag deploying, or otherwise protected from side impact collisions and/ or collision forces.

37.    The SUBJECT VEHICLE was unsafe for its intended use and reasonably foreseeable misuses because of the SUBJECT DEFECTS, in that when the SUBJECT VEHICLE was used by the driver of the SUBJECT VEHICLE as intended or in a

reasonably foreseeable manner, the SUBJECT DEFECTS made the SUBJECT VEHICLE dangerous, defective, and the cause of Plaintiff Mr. Dhesi's injuries.

38.     The SUBJECT VEHICLE was also defective because it did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way, including but not limited to when it was involved in a side impact and/ or subjected to side impact forces.

39.     Alternative safer designs were available to and feasible for VOLVO, VOLVO TRUCKS and DOES 1-10 when they manufactured the SUBJECT VEHICLE, including but not limited to a frontal and side impact-protection restraint system, including its driver-airbag system and driver-seatbelt-restraint system. The cost of any such alternative design and manufacture dwarfs compared to the seriousness and severity of the harm that could be caused and did cause catastrophic injuries to the SUBJECT VEHICLE's driver, such as Plaintiff Mr. Dhesi.

40.     VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, at all material times, knew, or in exercising reasonable care should have known, of the evidence of the SUBJECT DEFECTS.

41.     VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, misrepresented the purported safety of the SUBJECT VEHICLE when they knew or reasonably should have known of the SUBJECT DEFECTS.

42.     Plaintiff Mr. Dhesi's severe injuries would not have occurred had the SUBJECT VEHICLE not had the SUBJECT DEFECTS. The above-described SUBJECT DEFECTS were a substantial factor in causing the Plaintiff Mr. Dhesi's injuries and all other damages alleged.   As a direct and legal result of the conduct of VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, and each of them, and the defects inherent in the vehicle, including the SUBJECT DEFECTS, severe injuries were caused thereby to Plaintiff Mr. Dhesi resulting in his economic damages for past and

future medical and related expenses, past and future lost earnings, and non-economic damages for past and future pain, suffering, and emotional distress.   Additionally, Plaintiff Mrs. Dhesi would have been spared her loss of consortium injuries and damages, all in a sum in excess of the minimum subject matter jurisdiction of this Court according to proof at trial.

**SECOND CAUSE OF ACTION**
**FOR NEGLIGENT PRODUCT LIABILITY**
**(Against Defendants VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and**
**DOES 1-10)**

43.   Plaintiffs incorporate, repeat, and re-allege each and every allegation in paragraphs 1 through 42 above and incorporate the same by reference as though set forth herein.

44.   At all times mentioned, VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, and each of them, had a duty to properly manufacture, design, assemble, package, test, fabricate, analyze, inspect, merchandise, market, distribute, label, advertise, promote, sell, provide adequate warnings about, supply, lease, rent, warn, select, inspect, and repair the SUBJECT VEHICLE and each of its component parts and/or aftermarket parts and/or installation guides.

45.   At all times mentioned, VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, and each of them knew or, in exercising reasonable care, should have known that the SUBJECT VEHICLE was not properly manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, or sold, and that it provided inadequate warnings and/or no warnings for the use and purpose for which it was intended because it was likely to injure severely the person(s) who used said vehicle.

46.   VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, and each of them negligently and carelessly manufactured, designed, assembled,

–11–

packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, modified, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, repaired, serviced, maintained, selected, and provided inadequate warnings for the use and purpose for which the SUBJECT VEHICLE was intended because it was likely to severely injure the person(s) who used said vehicle for the purpose for which it was intended and driven as recommended or during a misuse by a member of the public, including the driver of the SUBJECT VEHICLE, reasonably foreseeable by VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, and each of them. In particular, said SUBJECT VEHICLE, during a reasonably foreseeable accident sequence, including but not limited to a frontal impact, was dangerous and defective because such frontal impact was likely to cause increased and substantial injuries to the driver, including but not limited to fatal injuries.

47.     As a direct and proximate result of the negligence, carelessness, and unlawful conduct of VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, and each of them, and the defects inherent in the vehicle, including the above-stated SUBJECT DEFECTS, Plaintiff Mr. Dhesi suffered severe injuries, resulting in Plaintiffs' special and general damages as set forth above and in a sum over the minimum subject-matter jurisdiction of this Court according to proof at trial.

48.     VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive were negligent in designing, manufacturing, and/or installing the SUBJECT VEHICLE. VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, failed to use the amount of care in designing, manufacturing, and/or installing the SUBECT VEHICLE that a reasonably careful designer, manufacturer, and/or installer would and must use in similar circumstances to avoid exposing others to a foreseeable risk of harm. VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10 were also negligent in the design,

manufacture, advertising, distribution, and/or sale of the SUBJECT VEHICLE.   All these Defendants' negligence was a substantial factor in causing Plaintiffs' injuries.

49.   At the time of the design, manufacture, assembly, distribution, and sale of the SUBJECT VEHICLE, VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1- 10, inclusive, knew or should have known about the likelihood and severity of potential harm from the SUBJECT VEHICLE and the comparatively small burden of taking safety measures to reduce or avoid this harm.

50.   The SUBJECT DEFECTS in the SUBJECT VEHICLE were compounded by the failure of VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, to provide any instruction or warning of potential safety hazards created by these defects, including but not limited to any occupant's increased risk of injury during a frontal-impact collision.

51.   The SUBJECT VEHICLE was also defective because it did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way, including but not limited to when it was involved in a side impact and/ or subjected to side impact forces.

52.   Alternative safer designs were available to and feasible for VOLVO, VOLVO TRUCKS and DOES 1-10 when they manufactured the SUBJECT VEHICLE, including but not limited to a frontal and side impact-protection restraint system, including its driver-airbag system and driver-seatbelt-restraint system. The cost of any such alternative design and manufacture dwarfs compared to the seriousness and severity of the harm that could be caused and did cause catastrophic injuries to the SUBJECT VEHICLE's driver, such as Plaintiff Mr. Dhesi.

53.   The SUBJECT VEHICLE, because of the SUBJECT DEFECTS, had potential risks known to or knowable by VOLVO, VOLVO TRUCKS, MOUNTAIN WEST

–13–

and DOES 1-10, inclusive, in light of the knowledge generally accepted in the automotive industry at the time of the manufacture, distribution, and sale of the SUBJECT VEHICLE.

54.    The potential risks created by the SUBJECT DEFECTS presented a substantial danger when the SUBJECT VEHICLE was used or misused in an intended or reasonably foreseeable way, including but not limited to when the vehicle is struck and the vehicle turns onto its side and strikes the ground.   Ordinary consumers would not have recognized the potential risks created by the SUBJECT DEFECTS. VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, inclusive, failed to adequately warn or instruct of the potential risks created by the SUBJECT DEFECTS. The lack of sufficient instructions or warnings was a substantial factor in causing Plaintiff Mr. Dhesi's injuries.

55.    As a direct and legal result of the negligence, carelessness, and unlawful conduct of VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10, and each of them, and the defects inherent in the SUBJECT VEHICLE, these Defendants legally caused Plaintiff Mr. Dhesi's injuries in the SUBJECT ACCIDENT, in turn legally resulting in Plaintiffs' damages as set forth herein.

### THIRD CLAIM FOR RELIEF
### FOR BREACH OF WARRANTIES
### (Against Defendants VOLVO, VOLVO TRUCKS, MOUNTAIN WEST and DOES 1-10)

56.    Plaintiffs incorporate, repeat, and re-allege each and every allegation in paragraphs 1 through 55 above and incorporate the same by reference as though set forth herein.

57.    An implied warranty of merchantability and/or an implied warranty of fitness existed with respect to the SUBJECT VEHICLE.

58.    Defendants knew or had reason to know the particular purposes or uses for which the SUBJECT VEHICLE and its components were intended, required and were to be used, and that purchasers and users, such as Plaintiff Mr. Dhesi, would reasonably rely

–14–

on Defendants' skill or judgment in designing, testing, manufacturing, and furnishing goods suitable for such purposes and uses and to disclose the risks and dangers of the PRODUCT.

59.     Plaintiff Mr. Dhesi had no knowledge at all times referred to herein of the falsity or incompleteness of Defendants' statements and representations concerning the PRODUCT.   Defendants had sole access to the material facts concerning defects to the SUBJECT VEHICLE and knew users such as Plaintiff Mr. Dhesi could not have reasonably discovered such defects.

60.     The SUBJECT VEHICLE and its components were not fit for the particular purposes for which they were intended, and for which they were used.

61.     At the time the SUBJECT VEHICLE was designed, manufactured and sold, Defendants knew or reasonably should have known that it was not reasonably safe for its intended uses.

62.     At the time the SUBJECT VEHICLE was designed, manufactured and sold, Defendants knew or reasonably should have known that it posed unreasonable risks of injury to its users.

63.     Defendants expressly and impliedly represented and/or warranted the SUBJECT VEHICLE was of merchantable quality and safe and fit for its intended uses.

64.     At the time of the SUBJECT INCIDENT, the SUBJECT VEHICLE did not conform to the warranties, affirmations, and representations made by Defendants. Defendants' breach of its warranties was a direct and proximate cause of the injuries and damages to Plaintiff Mr. Dhesi.

65.     Defendants had a duty to exercise reasonably care in the research, development, design, testing, manufacture, inspection, labeling, distribution, marketing, promoting, selling, and releasing the SUBJECT VEHICLE into the stream of commerce.

–15–

66.     As a direct and proximate result of Defendants' breach of warranties, Plaintiffs suffered serious and permanent injuries and damages:

      a.     Plaintiff Mr. Dhesi suffered severe and permanent bodily injuries, legally resulting in damages for past and future medical care and expenses, loss of past and future income, and other economic damages; he also suffered serious, severe, and permanent injuries legally resulting in non-economic damages for pain, suffering, disfigurement, emotional pain and suffering; and

      b.     Plaintiff Mrs. Dhesi suffered and will suffer loss of consortium; all in the amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them, as follows:

1.     For special and economic damages, including past and future medical and related expenses and loss of past and future earnings and earning capacity, according to proof at trial;

2.     For general damages, including damages for pain and suffering and related damages and emotional distress and suffering, according to proof at trial;

3.     For prejudgment interest, as determined by and accrued according to applicable statutes;

4.     Past and future special damages for loss of household services;

5.     All recoverable injuries and damages suffered by Plaintiff Mrs. Dhesi for and related to her loss of consortium;

–16–

6.      For costs of suit incurred; and

7.      For any other and further relief the Court deems just and proper;

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED:   December 12, 2018

                                             **DEWSNUP KING OLSEN WOREL**
                                             **HAVAS MORTENSEN**

                                             /s/ Colin P. King
                                             COLIN P. KING
                                             LANCE L. MILNE
                                             Attorneys for Plaintiffs

Plaintiffs' Address:
c/o Colin P. King and Lance L. Milne
Dewsnup King Olsen Worel
Havas Mortensen
36 South State Street, Suite 2400
Salt Lake City, Utah 84111
Telephone: (801) 533-0400

–17–